PARIENTE, J.,
concurring in part and dissenting in part.
I completely agree with the majority’s important holding, in contradiction of the Third District’s holding in G.M., that an officer’s use of his or her emergency lights generally evidences an investigatory stop rather than a consensual encounter and is an important factor in evaluating the totality of the circumstances. This is of course the general holding of the conflict cases, such as Young v. State, 803 So.2d 880, 882 (Fla. 5th DCA 2002). The reason why the activation of police emergency lights generally evidences an investigatory stop is the common-sense understanding that “the use of the emergency lights [reasonably] leads the citizen to believe that he or she is no longer free to leave.” Id. It would, of course, be unwise and dangerous to signal to citizens that they are free to leave when a police vehicle activating emergency lights drives up behind or alongside them.
I therefore join the majority’s analysis of the general principles and its disapproval of the Third District’s contrary reasoning. I also agree with the majority that if the State is able to establish that the defendant was unaware of the presence of the police vehicle and the activation of the emergency lights, then that lack of awareness could support a conclusion that the defendant was not seized. I disagree, however, with the application of the principles to the facts of this case because I do not believe the State met its burden to establish that G.M. was unaware he was seized.
While acknowledging that “decisions in which a suspect is oblivious to a police *984 presence may be rare,” majority op. at 18, the majority reasons that the facts in this case support a finding that the defendant was never aware of the activation of the emergency lights and therefore could not have known that he was not free to leave. I disagree that the facts before us in this record clearly and unequivocally support this factual conclusion. For this reason, I would adopt the reasoning of Judge Green’s dissent in this case.
As Judge Green explains, the trial court in this case incorrectly concluded that “the police officer’s initial encounter with G.M. and the others was consensual in nature because there was no evidence of a police detention.” G.M., 981 So.2d at 540 (Green, J., dissenting). In other words, the trial court never made a factual finding, nor did the State ever argue in the trial court, that G.M. was unaware of the activation of police lights and the presence of the police. Certainly there is evidence in the record that the other individuals in the area saw the police and alerted G.M. to their presence.
Although G.M. did not testify specifically about the police lights, G.M. asserts that the record supports the finding that G.M. was also aware that the police activated their lights because at the time of the stop, it was rainy and the unmarked police car was only three feet from the car in which G.M. sat when the officers activated their lights. Finally, G.M.’s friends were standing next to the car when the police approached, and none made any attempt to leave, indicating that the group knew it was not free to leave and that G.M. was likewise aware.
The issue is not just whether G.M. was aware of the presence of the blue lights. As the majority correctly states, the issue requires a totality of the circumstances analysis, including a consideration of the presence of the police with badges and handguns. The conclusion that G.M. was unaware of the police presence or the lights is a factual finding that requires determinations of credibility and weighing of the testimony. The trial court did not reach this issue because it incorrectly concluded that the stop was consensual. Without a factual finding by the trial court on this issue, or for that matter, without the issue having even been raised as the operative issue in the trial court, we should not affirm the result on this alternative basis. See generally Robertson v. State, 829 So.2d 901, 907 (Fla.2002) (key to application of “tipsy coachman” doctrine is that “there must have been support for the alternative theory or principle of law in the record before the trial court”).
Moreover, the State bears the burden of proof as to this issue. See, e.g., Hilton v. State, 961 So.2d 284, 296 (Fla.2007) (“When a search or seizure is conducted without a warrant, the government bears the burden of demonstrating that the search or seizure was reasonable.”). In this case, the facts are equivocal as to whether G.M. knew of the presence of the police or emergency police lights and without that issue having been litigated and decided adversely to G.M., I would not affirm the denial of the motion to suppress on this alternative basis.
QUINCE, C.J., concurs.